J-S69040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PATRICK EUGENE FATTA, | |
| Appellant | No. 2026 MDA 2015 |

Appeal from the Judgment of Sentence October 16, 2015
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0000169-2015

BEFORE:  STABILE, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED SEPTEMBER 29, 2016**

Appellant, Patrick Eugene Fatta, appeals from the judgment of sentence imposed following his open guilty plea to possession of child pornography, 18 Pa.C.S.A. § 6312(d), criminal use of a communication facility and several related offenses.  Appellant claims the sentencing court applied an incorrect offense gravity score (OGS) and sentence enhancement. We vacate the judgment of sentence and remand for resentencing.

On July 8, 2015, Appellant entered counseled, open guilty pleas to three counts of sexual abuse of children—possession of child pornography— and other offenses.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

Specifically, on docket number 169 of 2014, he pleaded guilty to two counts of sexual abuse of a child—possession of child pornography (possession of 186 videos depicting child pornography, children under the age of eighteen, and 1532 still photographs (digital images) depicting child pornography, children under the age of eighteen,—no indecent contact), 18 Pa.C.S.A. § 6312(d), felonies of the third degree.[2]  At count three, he pleaded guilty to criminal use of a communication facility (his computer), a felony of the third degree.  At count four, he pleaded guilty to sexual abuse of a child—possession of child pornography (three videos depicting indecent contact),[3] a felony of the second degree.[4]  (**See** N.T. Guilty Plea, 7/08/15, at 1, 7-8).

_(Footnote Continued)_ ————————

[1] On the same day, Appellant also signed and submitted a written guilty plea colloquy, co-signed by counsel.

[2] Section 6312(d) provides:

> **(d) Child pornography.**—Any person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

18 Pa.C.S.A. § 6312(d).

[3] "**Indecent contact**" is defined by statute as follows:  "Any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person."  18 Pa.C.S.A. § 3101.

[4]

_(Footnote Continued Next Page)_

At the same time, on docket number 873 of 2015, Appellant pleaded guilty to indecent assault of a person less than thirteen years of age, a misdemeanor of the first degree. (***See id.*** at 3, 9). From January 2009 until December 2013, Appellant had indecent contact with a minor victim who was born in 2004; touching her vaginal area for sexual gratification. (***See id.***). Appellant also pleaded guilty to corruption of minors for the same acts.[5]

Pertinent to issues presented for review, the Commonwealth chose to charge Appellant collectively, *i.e.*, rather than charge him with 1,532 separate charges of possession of digital image files of child pornography, it

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

> (d.1) **Grading.**—The offenses shall be graded as follows:
>
> (1) Except as provided in paragraph (3), an offense under subsection (b) is a felony of the second degree.
>
> (2)(i) Except as provided in paragraph (3), a first offense under subsection (c) or (d) is a felony of the third degree.
>
> (ii) A second or subsequent offense under subsection (c) or (d) is a felony of the second degree.
>
> (3) When a person commits an offense graded under paragraph (1) or (2)(i) and indecent contact with the child as defined in section 3101 (relating to definitions) is depicted, the grading of the offense shall be one grade higher than the grade specified in paragraph (1) or (2)(i).

18 Pa.C.S.A. § 6312(d.1). Because there was no dispute that this was treated as a first offense, subsection 2(ii) does not apply.

[5] The pleas at docket number 873, while indirectly relevant as part of the overall plea and sentence scheme, are not at issue in this appeal.

charged him on one count of possessing 1,532 digital images (still photographs). Similarly, instead of charging Appellant with 186 counts of possessing digital video files, the Commonwealth filed one count of possessing 186 video files of child pornography. Notably, Appellant pleaded guilty on all counts.[6]

The day after the guilty plea, as announced at the plea hearing, counsel filed "Defense Objections to Sentencing Guideline Computation." (Defense Objections, 7/09/15). The Commonwealth filed a response on September 29, 2015. The trial court dismissed the objections by order filed October 14, 2015.

On October 16, 2015, the court imposed an aggregate sentence of not less than two and one-half years' nor more than five years' incarceration, followed by a consecutive five year term of probation.[7] (*See* Trial Court

---

[6] The record does not include any of the videos or still photos. We defer to the factual findings of the trial court, particularly as to what percentage of the images depicted children under thirteen, or thirteen to eighteen, how many images depicted indecent contact, *etc*. Appellant does not dispute the actual content of the images, or the related classification issues.

[7] On the indecent assault and corruption of minor charges at docket number 873, the court sentenced Appellant to two terms of imprisonment in a state correctional institution for not less than three months and not more than two years. The court made the sentences concurrent with each other and consecutive to the sentences at No. 169.

Opinion, 2/12/16, at 1; *see also* N.T. Sentence, 10/16/15, at 19-20).

Appellant timely appealed.[8]

Appellant presents three questions for our review:

> I. Did the trial court err in assigning Counts 1 and 2, Sexual Abuse of Children—Possession of Child Pornography, an Offense Gravity Score of 7?

> II. Did the trial court err in applying an 18 month enhancement to the guidelines in Count 4, Sexual Abuse of Children—Possession of Child Pornography (F2), where the defendant only possessed three digital video files depicting children under the age of 18 engaged in prohibited sexual acts or in the simulation of such acts which involved indecent contact?

> III. Did the trial court err in failing to grant relief on Counts 1 and 2 where the wrong offense gravity score was applied and Count 4 where the wrong guideline enhancement was applied?

(Appellant's Brief, at 5).

Our standard of review is well-settled.

> [S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

_____

[8] On November 16, 2015, the trial court granted plea counsel leave to withdraw. The court appointed the Public Defender, who continues to represent Appellant in this appeal. Appellant filed a concise statement of errors on December 30, 2015. *See* Pa.R.A.P. 1925(b). The Commonwealth filed an answer. At the end of 2015, the sentencing judge, the Honorable Joseph C. Madenspacher, assumed senior status. This appeal was reassigned to the Honorable Merrill M. Spahn, Jr. Judge Spahn filed the trial court opinion on February 12, 2016. (*See* Trial Ct. Op., 2/12/16, 1 n.2); *see also* Pa.R.A.P. 1925(a).

*Commonwealth v. Downing*, 990 A.2d 788, 792–93 (Pa. Super. 2010) (citation omitted).  Appellant's claims challenge the discretionary aspects of his sentence.  *See Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super.  2012) (*en banc*), *appeal denied*, 75 A.3d 1281 (Pa. 2013) (reviewing challenge to application of offense gravity score in calculation of guideline ranges for abuse of discretion).

"It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal."  *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (2011) (citation omitted).

> Before we reach the merits of this case, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.  The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right.  Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question.  Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa. Super. 2006) (citations omitted).

In this case, as already noted, Appellant filed a timely notice of appeal, preserved his claims in his timely motion, and included in his appellate brief

a Rule 2119(f) statement. Accordingly, we will review the Rule 2119(f) statement to determine if Appellant has presented a substantial question. This Court has held that "[a] claim that the sentencing court misapplied the Guidelines presents a substantial question." *Commonwealth v. Archer*, 722 A.2d 203, 211 (Pa. Super. 1998). Therefore, we will review the merits of Appellant's claims.

Appellant first claims that the sentencing court applied an "incorrect offense gravity score." (Appellant's Brief, at 12). We find Appellant's argument as presented to be somewhat opaque. (*See id.* at 12-16). However, the gist of his claim is that the sentencing court erred in applying the higher offense gravity score then in effect for images involving children under the age of thirteen, when the charge was collective and "only . . . some" of the videos and images included children under the age of thirteen. (*Id.* at 15). Appellant maintains that the trial court compromised the fundamental norms of the sentencing process. (*See id.* at 12). We disagree.

Preliminarily, it bears noting that in both of the instances at issue when Appellant refers to "some" of the images, he actually means at least **eighty per cent** of them.[9] The trial court decided that "the overwhelming

---

[9] 149 videos out of 186 are **80.1**% of the total. 1348 digital images out of 1532 are **87.98**% of the total.

majority of the videos and still photographs" depicted children under the age of thirteen. (Trial Ct. Op., at 3). We defer to the factual findings of the trial court.

More substantively, Appellant offers no pertinent authority, case law or statute, in support of his mere bald assertion that on the facts of this case, an OGS of seven required that one hundred per cent of the images at issue must meet identical criteria. (*See* Appellant's Brief, at 12-16). Our law assigns to the sentencing court the discretion to make this determination. *See Lamonda*, *supra* at 371. We discern no basis to conclude that the sentencing court abused that discretion. Appellant's first claim fails.

In his second issue, Appellant asserts that the sentencing court used the wrong sentence guideline enhancement for count four (possession of three videos of child pornography depicting indecent contact). (*See* Appellant's Brief, at 16-18). We agree.

Notably, both the Commonwealth and the trial court now agree the calculation was erroneous. (*See* Trial Ct. Op., at 4-5; *see also* Commonwealth's Brief, at 13-18). They do not dispute that the appropriate guideline enhancement for three videos depicting indecent contact should have been six months, not eighteen months.[10]

_____

[10] (l) **Sexual Abuse of Children Enhancement sentence recommendations.** If the court determines that aggravating circumstances described in § 303.10(e) are present, the court shall instead consider the
*(Footnote Continued Next Page)*

Nevertheless, the trial court concludes that the higher sentence enhancement was harmless error. (*See* Trial Ct. Op., at 7-8). Both the trial court and the Commonwealth reason that the sentencing court did not rely solely on the Guidelines. It also considered Appellant's show of remorse, acceptance of responsibility, and initiation of corrective measures as well as (on the negative side) his escalation by actual indecent assault. (*See id.* (citing N.T. Sentencing, 10/16/15, at 17-18); *see also* Commonwealth's Brief, at 16-17). The Commonwealth also notes that the sentencing court had the benefit of a pre-sentence investigation report. (*See* Commonwealth's Brief, at 17). Both cite case law that a sentence in the standard range is presumptively appropriate. (*See* Trial Ct. Op., at 7; Commonwealth's Brief, at 15); *see also Lamonda*, *supra* at 372 (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010)) ("where a sentence is within the standard range of the guidelines, Pennsylvania law

---

*(Footnote Continued)* ⸻

applicable Sexual Abuse of Children Enhancement related to [the] number of images possessed by the offender or the nature and character of the abuse depicted:

> (1) **When applying enhancement based on the number of images possessed by the offender.** If the offender possessed more than 50 images to 200 images, 6 months are added to the lower limit of the standard range and 6 months are added to the upper limit of the standard range.

204 Pa. Code § 303.9(l)(1). Each video is considered to have 50 images. ***See*** 204 Pa. Code § 303.10(e)(1)(ii).

views the sentence as appropriate under the Sentencing Code.") (citations omitted).

This reasoning is appropriate to the review of a claim that a sentence was excessive. However, it does not address the separate problem at issue here, namely, the extent to which the sentencing court considered a sentencing enhancement, now conceded to be erroneous, in the formulation of an overall sentencing scheme.

On Information (docket) No. 169 of 2014, the court imposed concurrent sentences. Therefore, the sentence on this count four, not less than two-and-a-half years' nor more than five years' imprisonment, plus a consecutive term of five years' probation, became the *de facto* lead sentence. It is impossible to determine from the record whether the sentence would have been different, and possibly shorter, if the court had considered the enhancement now agreed to be correct, instead of an enhancement which was three times longer. Appellant's sentence must be vacated.

Accordingly, we will remand to the trial court for a reconsideration of Appellant's sentence. *See Commonwealth v. Hennigan*, 753 A.2d 245, 262 (Pa. Super. 2000) (remanding for reconsideration of appellant's sentence because disposition may alter court's sentencing scheme). The Commonwealth may present any appropriate argument for a sentence guideline enhancement at the resentencing hearing.

Appellant's third claim basically repeats and recapitulates the arguments already presented in the first and second questions. (**See** Appellant's Brief, at 18-22). Therefore, it is unnecessary for us to repeat our analysis, and we decline to do so.

Judgment of sentence vacated. Case remanded for resentencing after reconsideration of sentence guideline enhancement. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2016